IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BIENVENIDO MOSQUEDA, JR. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0099 |
| | § | |
| OFFSHORE SPECIALTY | § | |
| FABRICATORS, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Bienvenido Mosqueda, Jr.'s Motion to Remand [Doc. # 6], to which Defendant Offshore Specialty Fabricators, Inc. ("OSFI") filed a Response [Doc. # 7]. Also pending is OSFI's Motion to Dismiss or Stay ("Motion to Stay") [Doc. # 8], to which Plaintiff filed a Response [Doc. # 10]. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion to Remand and **grants** the Motion to Stay.

## I.     BACKGROUND

Plaintiff, a citizen of The Republic of the Philippines ("the Philippines"), was employed as a welder aboard OSFI's vessel. As a requirement of the Philippine government's Philippine Overseas Employment Administration ("POEA"), Plaintiff's employment with OSFI was governed by a written contract. The Contract of Employment, in paragraph 29, provides that all disputes arising out of Plaintiff's

employment must be resolved through arbitration in the Philippines. *See* Contract of Employment, Exh. A to Motion to Stay.

Plaintiff alleges that he suffered serious, permanent injury to his eye while working on Defendant's vessel. In accordance with the Contract of Employment, Plaintiff filed a complaint with the Office of the Labor Arbiter of the Philippines National Labor Relations Commission. *See* Complaint, Exh. C to Motion to Stay. Plaintiff also filed a Jones Act lawsuit in the 215th Judicial District Court of Harris County, Texas.

Defendant removed the case to federal court pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"). Plaintiff moved to remand, and Defendant moved to dismiss or stay in favor of arbitration in the Philippines. The motions are now ripe for decision.

## II.  **MOTION TO REMAND**

Title 28, United States Code, § 1445(a) precludes removal of claims filed in state court pursuant to the Federal Employers' Liability Act, and is incorporated into the Jones Act pursuant to 46 U.S.C. § 688. Consequently, as a general rule, Jones Act cases are not removable. *See, e.g., Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356 (5th Cir. 1999).

This case, however, is properly removable because the employment contract between Plaintiff and Defendant contains an arbitration agreement governed by the Convention, and as recognized by the Fifth Circuit, nothing in the Convention provides an exception for seamen employment contracts. *See Francisco v. Stolt Achievement MT*, 293 F.3d 270, 274 (5th Cir. 2002); *see also Amizola v. Dolphin Shipowner, S.A.*, 354 F. Supp. 2d 689, 695 (E.D. La. 2004). Plaintiff has cited no legal authority to the contrary. Accordingly, the removal of this case pursuant to the Convention was proper, and the Motion to Remand is denied.

### III.  MOTION TO DISMISS OR STAY

The Convention requires a district court to order arbitration if an international arbitration clause falls within the Convention's coverage. *See* 9 U.S.C. § 201; *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005); *Francisco*, 293 F.3d at 273; *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1145 (5th Cir. 1985). Indeed, the Convention "contemplates a very limited inquiry by courts when considering a motion to compel arbitration." *Francisco*, 293 F.3d at 273. The district court should stay the lawsuit and compel arbitration if "(1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not

an American citizen." *Id.*; *see also Lim*, 404 F.3d at 903; *Amizola*, 354 F. Supp. 2d at 696.

The record contains the Contract of Employment between Plaintiff and Defendant, which is in writing and which requires arbitration of this dispute which arose in the course of Plaintiff's employment with Defendant. It is undisputed in this case that the Contract of Employment provides for arbitration in the Philippines, a Convention signatory, and that Plaintiff is not an American citizen. The Fifth Circuit has held that a seaman employment contract "arises out of a commercial legal relationship." *See Francisco*, 293 F.3d at 274. The four factors required for the Convention are satisfied in this case and, as a result, the Court should stay this lawsuit and compel arbitration in the Philippines.

Plaintiff argues that the arbitration provision in the Contract of Employment should not be enforced because it is unconscionable and contrary to public policy. Plaintiff argues that the provision is mere boilerplate, and notes that he did not sign the individual pages containing the arbitration provision. A party seeking to avoid an international arbitration clause on public policy grounds must meet a "heavy burden of proof." *Lim*, 404 F.3d at 905. "[T]here is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Id.* at 905-06 (citations omitted).

The Contract of Employment at issue in this case is the same agreement approved by the Fifth Circuit in *Lim*. As noted by the Fifth Circuit in that case, the arbitration provision in the employment agreement does not require a Philippine citizen to arbitrate his dispute "in a foreign forum, but instead require[s] OSFI to submit to arbitration in plaintiffs' home country, before plaintiffs' countrymen." *Id.* at 906. The Fifth Circuit rejected the plaintiffs' public policy challenge to the OSFI contract, finding that the plaintiffs failed to satisfy the high burden of proof required to show that public policy renders an international arbitration clause unenforceable.[1]

Plaintiff in this case has similarly failed to satisfy his heavy burden. It is uncontested that the POEA requires the arbitration provision in order to protect Philippine workers and to develop employment opportunities for them. Although Plaintiff did not sign each page of the Contract of Employment, he signed the front page and separately signed at the end of the Standard Terms and Conditions section that contains the arbitration provision. Additionally, Plaintiff has already begun the arbitration process in the Philippines.

---

[1] Although unsuccessful, the plaintiff's public policy argument in *Lim* was much stronger than the argument in this case. In *Lim*, the arbitration provision was contrary to strong, clear public policy in Louisiana against arbitration clauses in employment contracts. *See Lim*, 404 F.3d at 904-06.

All four factors needed to compel arbitration are met in this case. As a result, Defendant's Motion to Stay is granted and the case is stayed pending arbitration in the Philippines.

## IV.  CONCLUSION AND ORDER

OSFI properly removed this case pursuant to the Convention, which requires arbitration of this dispute in the Philippines. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 6] is **DENIED** and Defendant's Motion to Dismiss or Stay [Doc. # 8] is **GRANTED** to the extent that this case is **STAYED AND ADMINISTRATIVELY CLOSED** in favor of arbitration as required by the parties' contract and the Convention.

SIGNED at Houston, Texas, this **5th** day of **April, 2010**.

_____
Nancy F. Atlas
United States District Judge